UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY HASH, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| -v- | ) Case No. 1:20-cv-01321-RLM-MJD ) |
| FIRST FINANCIAL BANCORP, formerly known as MAINSOURCE BANK, | ) ) ) |
| Defendant. | ) ) |

**DECLARATION OF LYNN A. TOOPS IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

I, Lynn A. Toops, declare:

1. I am a partner at the law firm of Cohen & Malad, LLP. Along with my co-counsel, I represent the Plaintiff in this case.

2. Plaintiff's counsel has vigorously litigated this case, including initial investigation of the claims, drafting of the complaint, analysis of the claims and defenses, drafting of a Case Management Plan and ESI Supplement, drafting Preliminary Witness and Exhibit Lists, negotiating a Stipulated Protective Order, engaging in significant discovery, including production of over 243,000 pages of documents, production of transaction data, and depositions of Plaintiff, along with a Rule 30(b)(6) deposition of Defendant through three corporate representatives, participating in numerous status conferences with Magistrate Judge Dinsmore, filing a motion for class certification supported by an expert report, participating in a mediation, and negotiating and drafting the final Settlement Agreement and Release (the "Settlement"), which is attached as Exhibit 1 to this Declaration.

3. On April 14, 2021, the parties engaged in a mediation with mediator John C. Trimble, Esq. At the mediation, the parties each vigorously represented their own interests in negotiating towards a compromise. After a full day of mediating, the parties reached an agreement in principle to settle the case, subject to negotiation of a final formal settlement agreement. Following the mediation, the parties drafted and negotiated formal settlement drafts, and ultimately executed the final Settlement on June 24, 2021.

4. Under the terms of the Settlement:

- The parties stipulate to certification of a class under Federal Rules of Civil Procedure 23(a) and (b)(3) defined as:

  > Those current and former customers of Defendant who are residents of Indiana, Illinois, and Kentucky, and who were assessed APSN Fees during the Class Period.

  Settlement §§ 1(e), 2. The Class Period is May 6, 2010, through November 30, 2019. *Id.* § 1(j).

- Defendant will pay $3,825,000 as consideration into a Settlement Fund. *Id.* §§ 1(ff).

- The Settlement fund will be used for Court-approved costs of notice and administration, attorneys' fees and expenses, expert expenses, and a service award, leaving the Net Settlement Fund to be distributed to Class members. *Id.* § 1(z). Class members will not need to submit a claim. Instead, current customers will automatically receive a credit to their account and former customers will automatically be sent a check. *Id.* §§ 9(c)–(f).

- No monies in the Settlement Fund revert to Defendant. Any Residual Funds remaining one year after distribution will be paid to an appropriate *cy pres* recipient. *Id.* §§ 10, 12.

- In addition, Defendant will forgive all APSN Fees or other amounts that members of the Class owe to Defendant on an account that has been closed within five years to the date of the Preliminary Approval Order through November 30, 2019. *Id.* §§ 1(gg), 3. The total amount of debt forgiveness is in the process of being calculated but is estimated based on initial data to be several million dollars. The final figure will be provided to the Court in conjunction with final approval.

- Notice of the Settlement will be emailed and/or mailed to members of the Class and the Long Form Notice will be posted to the Settlement website, with 30 days

      allocated for Class members to object or opt-out of the Settlement by sending an Exclusion Letter or objection to the Settlement Administrator. Settlement §§ 1(f), 1(g), 1(w), 1(aa), 13, 14.

- If the Court grants final approval to the Settlement, the Defendant will be released from claims that were or could have been alleged in the Complaint relating to the assessment of APSN Fees, and judgment will be entered on the Settlement resolving the claims in this lawsuit. *Id.* §§ 7, 15.

    5.    In reaching this result, the Plaintiff has actively participated in the prosecution of the case by providing information, conferring with counsel, and sitting through a deposition. Likewise, Class Counsel's interests were aligned with those of the Class in seeking the largest recovery possible from Defendant, considering the overall strength of the claims and risks and delays of litigation. Class Counsel expended significant resources in the case, including in defeating the motion to dismiss, engaging in discovery that included hundreds of thousands of pages of documents, depositions, and expert witness work, plus preparing a robust motion for class certification, and negotiating the Settlement. Class Counsel therefore had the requisite factual information and was aware of potential legal hurdles such that they were in a position to make an informed decision about what constitutes a fair settlement. And Class Counsel has extensive experience in bank fee class actions across the country, such that they possess the necessary skill and experience to evaluate the Settlement relief in light of litigation risks and delays. *See, e.g.*, Final Approval Order, *Chambers v. Together Credit Union*, No. 19-CV-00842-SPM (S.D. Ill. May 14, 2021), ECF No. 86 ("Class Counsel has submitted a Declaration showing they have experience litigating bank fee class actions across the country"); Order, Holt v. *Community Am. Credit Union*, No. 4:19-CV-00629-FJG (W.D. Mo. Dec. 8, 2020), ECF No. 51 (granting final approval and awarding one-third of common fund as attorneys' fees to Class Counsel in bank fee case); Order, *Hill v. Indiana Members Credit Union*, No. 49D02-1804-PL-01674 (Ind. Super. Ct. Jan. 21, 2020) (same); *Norwood v. The Camden Nat'l Bank*, No. BCD-

CV-2020-13 (Me. Bus. Ct. Dec. 11, 2020) (same); *Johnson v. Elements Fin. Credit Union*, No. 49D01-2001-PL-004706 (Ind. Comm'l Ct. Oct. 29, 2020) (same); *Tisdale v. Wilson Bank & Trust*, No. 19-400-BC (Tenn. Ch. Ct. Apr. 9, 2020) (same); *Cauley v. Citizens Nat'l Bank*, No. 20-cv-112 (Tenn. Cir. Ct. Jan. 15, 2021) (same); *Plummer v. Centra Credit Union*, No. 03D01-1804-PL-001903 (Ind. Super. Ct. Oct. 2, 2020) (same); Order, *Terrell v. Fort Knox Fed. Credit Union*, No. 19-CI-01281 (Ky. Cir. Ct. Oct. 2, 2020) (same); and Order, *Martin v. L&N Fed. Credit Union*, No. 19-CI-002873 (Ky. Cir. Ct. May 22, 2020) (same).

6. The Settlement was also negotiated at arm's-length. Each side is represented by competent counsel who pressed their clients' position at mediation. And the mediation was facilitated by attorney John Trimble who is an experienced and well-respected mediator generally and who specifically has experience mediating several bank fee class action settlements in the past several years, including *Hill v. Indiana Members Credit Union*, No. 49D02-1804-PL-016174 (Marion Cnty. Ind. Super. Ct.); *Plummer v. Centra Credit Union*, No. 03D01-1804-PL-001903 (Bartholomew Cnty. Ind. Super. Ct.); *Ingram v. Teachers Credit Union*, No. 49D01-1908-PL-035431 (Marion Cnty. Ind. Super. Ct.).

7. The Settlement's $3.825 million dollar cash component represents a majority of projected actual damages, depending on whether certain deductions claimed by Defendant are included or not, and when the additional millions of dollars in debt forgiveness are included, the value of the Settlement represents a significant recovery on the claims.

8. Had a Settlement not been achieved, the costs, risks, and delay of trial and appeal would be significant. Plaintiff faced the risk of not having a class certified at all, which would have meant there would be no Class recovery at all. Even had the Court certified the Class on an adversarial basis, Defendant would have had the right to seek an immediate Rule 23(f) appeal.

And Plaintiff faced risks of surviving summary judgment, not to mention prevailing at trial or prevailing in an amount equal to that obtained through Settlement and then then retaining all victories through the appeals process. The Court is no doubt aware this all would have taken many years of litigation, delaying any recovery to the Class and placing any recovery at risk of not being obtained at all. The litigation would have involved extensive expert work, which would have been costly as well, which would ultimately have been borne by Class members, further reducing any recovery. By contrast, the Settlement represents a meaningful, guaranteed recovery for Class members now.

9.  The issue of attorneys' fees was not negotiated until all material terms of relief to the Class had been negotiated. Class Counsel's fee is contingent—meaning they risked never being paid for their time or reimbursed for their expenses had the litigation not resulted in a recovery.

**VERIFICATION**

I affirm, under the penalties of perjury, that the foregoing representations are true.

Dated: June 25, 2021                    s/Lynn A. Toops
                                                   Lynn A. Toops