UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY HASH, on behalf of himself and all others similarly situated,<br><br>       *Plaintiff*,<br><br>-v-<br><br>FIRST FINANCIAL BANCORP, formerly known as MAINSOURCE BANK,<br><br>       *Defendant.* | Case No. 1:20-cv-01321-RLM-MJD |

**PRELIMINARY APPROVAL ORDER**

Plaintiff Gregory Hash has submitted a Settlement Agreement and Release (the "Settlement") to this Court and has applied under Rule 23(e) of the Federal Rules of Civil Procedure for an unopposed order: (1) certifying a Class under Federal Rules of Civil Procedure 23(a) and 23(b)(3) for purposes of settlement (the "Settlement Class"); (2) appointing Plaintiff to represent the members of the Settlement Class; (3) appointing Lynn A. Toops of Cohen & Malad, LLP and Jeffrey D. Kaliel of Kaliel PLLC as Class Counsel for the Settlement Class; (4) preliminarily approving the Settlement of this action; (5) approving the timing, form, content, and manner of the giving of notice of the Settlement to the Settlement Class; and (6) setting a hearing (the "Final Approval Hearing") regarding the final approval of the Settlement, the award to Class Counsel of attorneys' fees, costs and expenses, and the award to the Class Representative of his service award. The Court has given due consideration to the terms of the

1

Settlement, the exhibits to the Settlement Agreement, the motion and memorandum in support of preliminary approval of the Settlement, the Declaration of Lynn A. Toops, and the record of proceedings, and now finds that the requested relief should be granted and the proposed Settlement should be preliminarily approved.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiff and Defendant in the above-captioned case (the "Parties").

**PRELIMINARY APPROVAL**

3. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements.  In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the court; (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the defendant is released. Fed. R. Civ. P. 23(e)(1)–(2), (4)–(5).

4. In deciding whether to grant "preliminary approval" to a proposed settlement, the Court evaluates two issues: (1) whether "the court will likely be able to" grant final approval to the settlement as a fair, reasonable, and adequate

compromise; and (2) whether "the court will likely be able to" certify the class for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

### THE COURT "WILL LIKELY BE ABLE TO" GRANT FINAL APPROVAL

5. In making a preliminary determination whether a proposed class action settlement is "fair, reasonable, and adequate," Federal Rule of Civil Procedure 23(e)(2) requires a court to consider whether (1) the class representatives and class counsel have adequately represented the class, (2) the proposal was negotiated at arm's length, (3) the proposal treats class members equitably relative to each other, and (4) the relief provided by the settlement is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class; (iii) the terms of any proposed award of attorney's fees; and (iv) any agreement required to be identified under Rule 23(e)(3).

6. "Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). Indeed, "[s]ettlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources." *Armstrong v. Bd. Of Sch. Dir.'s of City of Milwaukee*, 616 F.2d 305, 313 (7th Cir. 1980), *overruled on other grounds Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

7. The Court finds that the relevant factors favor preliminary approval.

8. First, the Class Representative and Class Counsel have adequately represented the Class by vigorously pursuing this litigation both through motion

practice on the legal merits and through discovery of facts and potential damages. Fed. R. Civ. P. 23(e)(2)(A).

9. Second, the proposal was negotiated at arm's length by experienced counsel on both sides and with the assistance of an experienced mediator. Fed. R. Civ. P. 23(e)(2)(B).

10. Third, the proposal treats the Class members equitably to one another because the Net Settlement Fund will be divided pro rata based on the fees each member was charged. Fed. R. Civ. P. 23(e)(2)(D).

11. Fourth, the relief provided for by the Settlement appears adequate, taking into account the relevant factors. The costs, risks, and delays of trial and appeal would have delayed any recovery for several years and would have risked the Class recovering nothing had this Court or an appellate court ruled against them on the pending motion to dismiss, a motion for class certification, a motion for summary judgment, at trial, or on appeal from a final judgment. Fed. R. Civ. P. 23(e)(2)(C)(i). The method of distributing the Net Settlement Fund is by direct payment, which is the best and most effective method of ensuring Class members receive the funds they are due and requires no claims to be submitted. Fed. R. Civ. P. 23(e)(2)(C)(ii). *See* 4 William B. Rubenstein, *Newberg on Class Actions* § 12:17 (5th ed.) ("[T]he best practice in most cases is to create a system for distributing the class's funds without the necessity of any claiming process."). Attorneys' fees are subject to Court approval and will only be paid and collected after final approval and based on the value of the settlement. Fed. R. Civ. P.

23(e)(2)(C)(iii). And there are no side agreements under Rule 23(e)(3) to be considered. Fed. R. Civ. P. 23(e)(2)(C)(iv).

12. In addition, while Plaintiff believes in the strength of the case, it was not without risk, yet the amount of the Defendants' settlement offer is significant, amounting $3.825 million and forgiveness of millions of dollars in debt, which Plaintiff's counsel states amounts to a significant percentage of actual damages alleged. *Synfuel Techs., Inc.*, 463 F.3d at 653.

13. Class Counsel also has experience litigating bank fee class actions across the country, and Class Counsel supports the Settlement.

14. Plaintiff had also completed significant discovery and had fully briefed legal issues on a motion to dismiss and class certification to be able to fairly evaluate the risks and value of the case for purposes of achieving a fair settlement. *Id.*

15. For all of these reasons, the Court finds that it "will likely be able to" grant final approval under Fed. R. Civ. P. 23(e)(2) and that the first requirement for granting preliminary approval is therefore satisfied.

**THE COURT "WILL LIKELY BE ABLE TO" CERTIFY THE CLASS FOR JUDGMENT ON THE SETTLEMENT**

16. The second and final requirement is likewise satisfied. In deciding whether the court "will likely be able to certify" a class for entry of judgment on a proposed settlement, a court evaluates whether the proposed class meets the four requirements of Rule 23(a) and any one of the requirements of the subsections of Rule 23(b), which in this case is subsection 23(b)(3). *See, e.g., Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015).

17. Under Rule 23(a), the proposed class must satisfy the four requirements of numerosity, commonality, typicality, and adequacy. *Id.* Numerosity is satisfied where joinder of all class members is impracticable and is generally met when there are as few as 40 or more class members. *Cima v. WellPoint Health Networks, Inc.*, 250 F.R.D. 374, 378 (S.D. Ill. 2008) ("A class of more than 40 individuals raises a presumption that joinder is impracticable."). Commonality is met where there is at least a "single common question of law or fact" involved and where the class's claims "depend upon a common contention that is capable of class-wide resolution." *Bell*, 800 F.3d at 374. Typicality is met where "the named representatives' claims have the same essential characteristics as the claims of the class at large." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009). And "[t]he adequacy requirement is satisfied when the named representatives have 'a sufficient interest in the outcome of the case to ensure vigorous advocacy' and '[do] not have interests antagonistic to those of the class.'" *Suchanek v. Sturm Foods, Inc.*, 311 F.R.D. 239, 256 (S.D. Ill. 2015) (quoting *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D.Ill.2009) *aff'd*, 606 F.3d 391 (7th Cir. 2010)).

18. The requirements of Rule 23(b)(3) are satisfied if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The "predominance requirement is satisfied when common questions represent a significant aspect of a case and . . . can be

resolved for all members of a class in a single adjudication." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012). And the superiority requirement is generally satisfied when a class action would aggregate many relatively small-value individual claims into one case. *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801-02 (7th Cir. 2012). Further, in the context of a settlement, a court need not consider manageability issues that might make a class trial complicated because a settlement resolves all the claims without a trial. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.").

19.  Here, the Court finds that the requirements for certification under Rules 23(a) and 23(b)(3) are met.

20.  The Class easily meets the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy. Numerosity is met because there are thousands of Class members. *Cima*, 250 F.R.D. at 378 ("A class of more than 40 individuals raises a presumption that joinder is impracticable."). Commonality is met because all Class members share the "common question of law or fact" and their claims "depend upon a common contention that is capable of class-wide resolution," namely whether Defendant's standard form customer contracts permitted it to uniformly assess the fees at issue. *Bell*, 800 F.3d at 374. Typicality is met because "the named representatives' claims have the same essential characteristics as the claims of the class at large" because, here, the

Class Representative seeks to recover the same fees on the same theory as the Class members. *Muro*, 580 F.3d at 492. And similarly, "[t]he adequacy requirement is satisfied" because "the named representative[ ] ha[s] 'a sufficient interest in the outcome of the case to ensure vigorous advocacy' and '[does] not have interests antagonistic to those of the class.'" *Suchanek*, 311 F.R.D. at 256 (quoting *Saltzman*, 257 F.R.D. at 480 *aff'd*, 606 F.3d 391 (7th Cir. 2010)).

21. Finally, the "predominance" and "superiority" requirements of Rule 23(b)(3) are satisfied. Predominance is satisfied because "common questions represent a significant aspect of [this] case and . . . can be resolved for all members of a class in a single adjudication," as all of the claims depend on the issue of whether or not the Defendant was permitted under its contract to charge the Class members APSN Fees. *Messner*, 669 F.3d at 815. And superiority is satisfied because a class settlement permits the relatively low-value claims ($37 per APSN Fee) to be adjudicated for thousands of Class members in one action without the need for the complexities of trial. *Butler*, 727 F.3d at 799; *Amchem Prods., Inc.*, 521 U.S. at 620. In addition, Defendant has stipulated for the purposes of settlement that the requirements of Rules 23(a) and 23(b)(3) are met.

22. Thus, the Court hereby certifies the following Class for purposes of preliminary approval and notice and for proceeding towards a final approval hearing on the Settlement:

> Those current and former customers of Defendant who are residents of Indiana, Illinois, and Kentucky, and who were assessed APSN Fees during the Class Period. Excluded from the Class is Defendant, its parents, subsidiaries, Affiliates, officers, and directors; all individuals or entities who make a timely election to opt out or be

8

excluded from the Class; and all judges assigned to this Action and their immediate family members.

For purposes of this definition, APSN Fees means fees that Defendant charged and did not refund on Point of Sale debit card transactions, where there was a sufficient available balance at the time the transaction was authorized, but an insufficient available balance when the transaction settled, and the transaction was assessed an overdraft fee when it was presented to Defendant for payment and posted to a customer's account. Class Period means the period from May 6, 2010 through November 30, 2019.

23. The Court appoints Lynn A. Toops of Cohen & Malad, LLP and Jeffrey D Kaliel of Kaliel PLLC as Class Counsel and appoints Plaintiff as Class Representative. Fed. R. Civ. P. 23(g).

**NOTICE TO CLASS MEMBERS**

24. Once the court finds that the requirements for preliminary approval are met, it "must direct notice in a reasonable manner to all class members" to inform them of the proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). Notice may be given by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely state in plain, easily understood language:

    (i)    the nature of the action;
    (ii)   the definition of the class certified;
    (iii)  the class claims, issues, or defenses;
    (iv)  that a class member may enter an appearance through an attorney if the member so desires;
    (v)   that the court will exclude from the class any member who requests exclusion;

 (vi) the time and manner for requesting exclusion; and
 (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

  25. The proposed Notices attached to the Settlement Agreement meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B). Furthermore, the manner of distribution by e-mail to Class Members who are current members of Defendant and have agreed to receive notices from Defendant electronically or by first class United States mail to Class Members who are not current members of Defendant or have not agreed to receive notices from Defendant electronically, is hereby approved by this Court as the best notice practicable to the Classes. The form and manner of notice proposed in the Settlement comply with Rules 23(c) and (e) and the requirements of Due Process.

  26. Class Counsel shall cause the Settlement Administrator to e-mail or mail to each Class Member no later than thirty (30) days from the date of this Order, a copy of the Notice as set forth in the Settlement. The date on which the Notice is sent is referred to herein as the "Notice Date."

**CLASS MEMBER RESPONSES**

  27. A Class Member who wishes to exclude himself or herself from the Settlement Agreement, and from the release of claims and defenses provided for under the terms of the Settlement Agreement, shall submit an Exclusion Letter by mail to the Settlement Administrator. For an Exclusion Letter to be valid, it must be postmarked no later than thirty (30) days after the Notice Date (the "Bar Date to Opt Out"). Any Exclusion Letter shall identify the Class Member, state

that the Class Member wishes to exclude himself or herself from the Settlement Agreement, and shall be signed and dated. Class Members who submit a timely and valid request for exclusion from the Settlement shall not participate in and shall not be bound by the Settlement. Class Members who do not timely and validly opt out of the Settlement in accordance with the Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

28. At least seven (7) days prior to the date of the Final Approval Hearing, Class Counsel shall file a Notice of Opt Outs, listing the names of all persons or entities who timely and validly excluded themselves from the Settlement.

29. Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement. To be valid and considered by the Court, the objection must be in writing and sent by first class mail, postage pre-paid, to the Settlement Administrator. The objection must be postmarked no later than thirty (30) days after the Notice Date (the "Bar Date to Object"), and must include (a) the objector's name, address, telephone number, the last four digits of his or her member number or former member number with Defendant, and the contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case; (b) a statement of the factual and legal basis for each objection and any exhibits the objector wishes the Court to consider in connection with the objection; and (c) a statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying

the counsel by name, address, and telephone number. Any Class Member who does not make his or her objection known in the manner provided in the Settlement Agreement and Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement.

30. Class Counsel shall file all objections received and any response thereto at least seven (7) days prior to the date of the Final Approval Hearing.

**MOTIONS FOR FEES, AWARDS, EXPENSES, AND FINAL APPROVAL HEARING**

31. Class Counsel shall file a motion for approval of attorneys' fees, costs and expenses, and Plaintiff's service award, along with any supporting materials, fifteen (15) days after the Notice Date.

32. After the time for objections and opt-out requests has passed, the Court will consider whether to grant final approval, taking into account any objections raised by Class Members. Fed. R. Civ. P. 23(e)(2). Class Counsel shall file a motion for final approval of the Settlement fifteen (15) days after the Bar Date to Opt Out and the Bar Date to Object. A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned on **Thursday, November 18, 2021, at 9:00 A.M. (EST)**, for the purpose of: (a) determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (b) determining whether a Final Approval Order should be entered; and (c) considering Class Counsel's application for an award of attorneys' fees pursuant to Rule 23(h).

33. If the Settlement does not become effective, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties, and all orders issued pursuant to the Settlement shall be vacated.

34. The Court may adjourn the date and/or time of the Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

DATED: July 15, 2021

/s/ Robert L. Miller, Jr.
Hon. Robert L. Miller, Jr.
United States District Judge

Distribution to: All counsel of record via CM/ECF