**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| GREGORY HASH, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| -v- | ) ) | Case No. 1:20-cv-01321-RLM-MJD |
| FIRST FINANCIAL BANCORP, formerly known as MAINSOURCE BANK, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES, EXPENSES, AND CLASS**
**REPRESENTATIVE SERVICE AWARD**

Lynn A. Toops
Lisa M. LaFornara
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46220
ltoops@cohenandmalad.com
llafornara@cohenandmalad.com

Jeffrey D. Kaliel
Sophia G. Gold
KALIEL GOLD PLLC
1875 Connecticut Ave. NW 10th Floor
Washington, D.C. 20009
jkaliel@cohenandmalad.com

John Steinkamp
JOHN STEINKAMP & ASSOCIATES
5214 East St., Suite D1
Indianapolis, IN 46227
john@johnsteinkampandassociates.com

*Counsel for Plaintiff and the Settlement Class*

**TABLE OF CONTENTS**

Table of Authorities ............................................................................................................. ii

Statement of Facts .............................................................................................................. 1

Legal Standard .................................................................................................................... 4

    I.   Courts in the Seventh Circuit commonly award attorneys' fees of one-third
        of the total value of a settlement. ............................................................................. 4

    II.  Courts in the Seventh Circuit award reimbursement of reasonable costs
        and expenses advanced by Class Counsel. ........................................................... 10

    III. Courts in the Seventh Circuit commonly award class representative
        service awards of $10,000 or more. ..................................................................... 11

Discussion .......................................................................................................................... 12

    I.   The Court should approve Class Counsel's attorneys' fees from the
        Settlement Fund in the amount of 25% of the value of the settlement. ........................... 12

    II.  The Court should approve reimbursement of litigation expenses to Class Counsel
        and the costs of notice and administration to the Settlement Administrator. .................. 13

    III. The Court should award the Class Representative a $10,000 service award. ................... 14

Conclusion ......................................................................................................................... 15

i

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Lockheed Martin Corp.*,
No. 06-CV-701-MJR-DGW, 2015 WL 4398475 (S.D. Ill. July 17, 2015) ............................. 11

*Beesley v. Int'l Paper Co.*,
No. 3:06-cv-703-DRH-CJP, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014).................................. 11

*Bell v. Pension Comm. of ATH Holding Co.*,
No. 115CV02062TWPMPB, 2019 WL 4193376 (S.D. Ind. Sept. 4, 2019)........................ 5, 8

*Bodnar v. Bank of Am.*,
No. 5:14-cv-03224-EGS (E.D. Pa. Aug. 4, 2016) ....................................................... 3

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980).......................................................................................... 4

*Brooks v. Canvas Credit Union*,
No. 2019-cv-30516 (Colo. Dist. Ct. Feb. 10, 2020) ................................................. 3

*Burkholder v. City of Ft. Wayne*,
750 F. Supp. 2d 990 (N.D. Ind. 2010) .................................................................. 7

*Burnett v. Conseco Life Ins. Co.*,
No. 1:18-CV-00200-JPH-DML, 2021 WL 119205 (S.D. Ind. Jan. 13, 2021) ........................ 12

*Campbell v. Advantage Sales & Mktg. LLC*,
No. 09–01430, 2012 WL 1424417 (S.D. Ind. Apr. 24, 2012) .................................... 8

*Chambers v. Together Credit Union*,
No. 19-CV-00842-SPM, 2021 WL 1948452 (S.D. Ill. May 14, 2021) ...................... 2, 11, 14

*Cheesman v. Nexstar Broad. Grp., Inc.*,
No. 2:07CV360-RLY-WGH, 2008 WL 2225617 (S.D. Ind. May 27, 2008) ........................ 10

*Chen v. Genesco, Inc.*,
No. 1:18-CV-00690-SEB-TAB, 2020 WL 360517 (S.D. Ind. Jan. 22, 2020)..................... 7, 10

*Cook v. Niedert*,
142 F.3d 1004 (7th Cir. 1998) .......................................................................... 11

*Florin v. Nationsbank of Ga., N.A.*,
34 F.3d 560, 566 (7th Cir. 1994) ........................................................................ 5

*Gaskill v. Gordon*,
160 F.3d 361 (7th Cir. 1998) ......................................................................... 6, 7

*Gehrich v. Chase Bank USA.*,
316 F.R.D 215 (N.D. Ill. March 2, 2016) ............................................................... 6

*George v. Kraft Foods Global, Inc.*,
No. 1:08-cv-3799, 2012 WL 13089487 (N.D. Ill. Jun. 26, 2012) ............................... 7

*Goldsmith v. Tech. Solutions Co.*,
No. 92-4374, 1995 WL 17009594 (N.D. Ill. Oct. 10, 1995) .................................... 7

ii

*Graves v. Old Hickory Credit Union,*
No. 19-475-II (Tenn. Chanc. Ct. Sept. 3, 2019) ........................................................ 2

*Hale v. State Farm Mut. Auto. Ins. Co.,*
No. 12-0660-DRH, 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018) ................................ 5, 6, 7, 11

*Hawley v. ORNL Fed. Credit Union,*
No. B9LA0107 (Tenn. Cir. Ct. Jun. 15, 2020) ........................................................ 3

*Heekin v. Anthem, Inc.,*
No. 1:05-CV-01908-TWP, 2012 WL 5878032 (S.D. Ind. Nov. 20, 2012) .................... 8, 10, 12

*Hill v. Ind. Members Credit Union,*
No. 49D02-1804-PL-016174 (Ind. Super. Ct. Jan. 21, 2020)...................................... 3

*Holt v. CommunityAmerica Credit Union,*
No. 4:19-cv-00629-FJG (W.D. Mo. Dec. 8, 2020)................................................... 2, 9

*In re Comdisco Sec. Litig.,*
150 F. Supp. 2d 943 (N.D.Ill.2001) ........................................................................ 6

*In re Guidant Corp. ERISA Litig.,*
No. 05-cv-1009 (S.D. Ind. Sept. 10, 2010) ............................................................ 8

*In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.,*
No. MDL 05-1708, 2008 WL 682174 (D. Minn. Mar. 7, 2008) ............................. 10

*In re Lithotripsy Antitrust Litig.,*
No. 98-8394, 2000 WL 765086 (N.D. Ill. June 12, 2000)..................................... 7

*In re Mexico Money Transfer Litig. (W. Union & Valuta),*
164 F. Supp. 2d 1002 (N.D. Ill. 2000) ................................................................. 8

*In re Ready–Mixed Concrete Antitrust Litig.,*
No. 05–00979, 2010 WL 3282591 (S.D. Ind. Aug. 17, 2010) ................................. 8

*In re Synthroid Mktg. Litig.,*
264 F.3d 712 (7th Cir. 2001) ....................................................................... *passim*

*In re Synthroid Mktg. Litig.,*
325 F.3d 974 (7th Cir. 2003) ................................................................................ 6

*In re TD Bank, N.A. Debit Card Overdraft Fee Litig.,*
No. 6:15MN02613 (D.S.C. Jan. 9, 2020) ............................................................... 9

*In re: Checking Account Overdraft Litig. (Commerce Bank),*
No. 1:09-MD- 02036-JLK, 2013 WL 11319243 (S.D. Fla. Aug. 2, 2013) ............... 9

*In re: Checking Account Overdraft Litig. (JP Morgan Chase Bank),*
No. 09-MD-02036-JLK (S.D. Fla. Dec. 19, 2012) ................................................. 9

*Johnson v. Elements Fin. Credit Union,*
No. 49D01-2001-PL-004706 (Ind. Super. Ct. Oct. 29, 2020) .................................. 2

*Kirchoff v. Flynn,*
786 F.2d 320 (7th Cir. 1986) ............................................................................... 6

iii

*Kolinek v. Walgreen Co.*,
   311 F.R.D. 483 (N.D. Ill. 2015)........................................................................ 7

*Liggio v. Apple Fed. Credit Union*,
   No. 1:18-cv-01059-LO-MSN (E.D. Va., Dec. 6, 2019) ................................... 3

*Lively v. Dynegy, Inc.*,
   No. 05-CV-0063-MJR, 2008 WL 4657792 (S.D. Ill. Sept. 30, 2008)..................................... 11

*M&N Suits Farms, Inc. v. Sprint Commc'ns Co. L.P.*,
   No. 1:12-CV-0498-WTL-MJD, 2012 WL 13028660 (S.D. Ind. Oct. 16, 2012)..................... 12

*Martin v. Caterpillar, Inc.*,
   No. 07-1009, 2010 WL 11614985 (C.D. Ill. Sept. 10, 2010) ................................ 7, 8

*Martin v. L&N Fed. Credit Union*,
   No. 19-CI-002873 (Ky. Cir. Ct. Jun. 8, 2020) ............................................ 2

*Morlan v. Universal Guar. Life Ins.*,
   No. Civ. 99-274-GPM, 2003 WL 22764868 (S.D. Ill. Nov. 20, 2003) ................................... 11

*Pavlik v. FDIC*,
   No. 10-816, 2011 WL 5184445 (N.D. Ill. Nov. 1, 2011) ................................ 7

*Perks v. TD Bank, N.A.*,
   No. 1:18-cv-11176-VEC (S.D.N.Y. Sept. 7, 2021) .................................. 2

*Plummer v. Centra Credit Union*,
   No. 03D01-1804-PL-001903 (Ind. Super. Ct. Oct. 2, 2020) .................................... 3

*Redman v. RadioShack Corp.*,
   768 F.3d 622 (7th Cir. 2014) ...................................................... 4, 14

*Retsky Family Ltd. P'ship*,
   No. 97 C 7694, 2001 WL 1568856 (N.D. Ill. Dec. 10, 2001) ................................ 7

*Silverman v. Motorola*,
   No. 07 C 4507, 2012 WL 1597388 (N.D. Ill. 2012),
   *aff'd* 739 F.3d 956 (7th Cir. 2013)............................................................. 6

*Spano v. Boeing Co.*,
   No. 06-743, 2016 WL 3791123 (S.D. Ill. Mar. 31, 2016) ................................ 8, 11

*Spegon v. Catholic Bishop of Chicago*,
   175 F.3d 544 (7th Cir. 1999) .................................................... 10

*Spicer v. Chicago Bd. Options Ex., Inc.*,
   844 F. Supp. 1226 (N.D. Ill. 1993) .............................................. 12

*Sprague v. Ticonic*,
   307 U.S. 161 (1939)................................................................ 10

*Sutton v. Bernard*,
   504 F.3d 688 (7th Cir. 2007) ................................................ 4, 6

*Terrell v. Fort Knox Fed. Credit Union*,
   No. 19-CI-01281 (Ky. Cir. Ct. Oct. 2, 2020)................................. 2

*Tisdale v. Wilson Bank & Trust*,
   No. 19-400-BC (Tenn. Bus. Ct. Mar. 18, 2020) ........................................................ 2

*Tussey v. ABB, Inc.*,
   No. 06-CV-04305-NKL, 2019 WL 3859763 (W.D. Mo. Aug. 16, 2019)........................ 10, 14

*Will v. Gen. Dynamics Corp.*,
   No. CIV. 06-698-GPM, 2010 WL 4818174 (S.D. Ill. Nov. 22, 2010) ................................ 6, 11

*Williams v. Rohm & Haas Pension Plan*,
   658 F.3d 629 (7th Cir. 2011) .......................................................................................... 5, 8

## Other Authorities

Alba Conte, *1 Attorney Fee Awards* § 2:19 (3d ed.).................................................... 10

Manual for Complex Litigation, Fourth, § 21.71 (2004) .............................................. 8

*Principles of the Law of Aggregate Litigation*, A.L.I., at § 3.13(b) (May 20, 2009) .................... 8

Silber and Goodrich, *Common Funds and Common Problems: Fee Objections and Class
   Counsel's Response*, 17 Rev. Litig. 525, 534 (Summer 1998).................................. 6

## Rules

Fed. R. Civ. P. 23(f)......................................................................................................... 1

Fed. R. Civ. P. 23(h) ....................................................................................................... 3

## STATEMENT OF FACTS

After engaging in motion practice over the merits of the legal claims; gathering written and document discovery totaling hundreds of thousands of pages; taking depositions; engaging in numerous discovery conferences; briefing class certification; and participating in a full-day mediation followed by additional negotiations, the parties reached the proposed class action Settlement Agreement and Release (the "Settlement"), ECF No. 80-1, which the Court preliminarily approved on July 15, 2021, ECF No. 82. Declaration of Lynn A. Toops ("Toops Decl.") ¶¶ 5–6. The Settlement was the result of hard-fought, arm's-length negotiations overseen by experienced and well-respected mediator John C. Trimble, Esq. *Id.* ¶ 7. It provides total relief valued at $6,678,681, comprised of a cash Settlement Fund of $3,825,000 and debt forgiveness of approximately $2,853,681. *Id.* ¶ 8. The relief will be automatic for Class Members, with no claims process—credits will be automatically deposited to current customers' bank accounts, former customers will be mailed a check, and debt forgiveness will be automatically applied. *Id.* ¶ 9. The Settlement represents an excellent result for the Class Members and was obtained against a well-funded defense by First Financial Bancorp (the "Bank"). *Id.* ¶ 10.

This result is even more remarkable because, although Gregory Hash (the "Class Representative") believes in the merits of the claims, this litigation was inherently risky and complex. *Id.* ¶ 11. The claims involve intricacies of banking practices, and the Class Representative faced risks at each stage of litigation. *Id.* For instance, the Court could have ruled for the Bank on summary judgment or a jury could have done so at trial. *Id.* And the Class Representative faced the hurdle of having the Court certify a class adversarially and having that ruling potentially immediately appealed under Rule 23(f). *Id.* Without a certified class, no Class Member would likely receive any recovery. *Id.* And even with a certified class, trial and appeal present significant risks—and substantial delays and costs—in any complex case. *Id.*

1

Against these risks, it was through the skill and hard work of Cohen & Malad, LLP and Kaliel Gold PLLC ("Class Counsel"), as well as the Class Representative, that the Settlement was achieved for the benefit of the thousands of Class Members. *Id.* ¶ 12. Class Counsel maintain a national class action practice and have particularly specialized skill in bank fee class actions. *Id.* ¶ 13; *see, e.g.*, Order Awarding Attorneys' Fees, Costs, and Class Representative Service Award, *Chambers v. Together Credit Union*, No. 19-CV-00842-SPM, 2021 WL 1948452, at *2 (S.D. Ill. May 14, 2021) (awarding Class Counsel a one-third fee in bank fee litigation and noting that "Class Counsel performed in a diligent and efficient manner to achieve a settlement" and that "Class Counsel has submitted a declaration showing that one-third of the settlement is the amount of fees that have been awarded in comparable cases, including to Class Counsel in comparable cases"); Order Gr'g Final Approval, *Holt v. CommunityAmerica Credit Union*, No. 4:19-cv-00629-FJG (W.D. Mo. Dec. 8, 2020), ECF No. 51 (awarding Class Counsel a one-third fee in bank fee litigation); Preliminary Approval Order, *Perks v. TD Bank, N.A.*, No. 1:18-cv-11176-VEC (S.D.N.Y. Sept. 7, 2021), ECF No. 103 (granting preliminary approval to a $40 million bank fee settlement ($20 million cash, $20 million forgiveness) that provides for Class Counsel to request 25% of the total value of the settlement); Order Gr'g Final Approval to Class Action Settlement, *Johnson v. Elements Fin. Credit Union*, No. 49D01-2001-PL-004706 (Ind. Super. Ct. Oct. 29, 2020) (awarding Class Counsel a fee of one-third of the value of the settlement in bank fee litigation); *Terrell v. Fort Knox Fed. Credit Union*, No. 19-CI-01281 (Ky. Cir. Ct. Oct. 2, 2020) (same); *Martin v. L&N Fed. Credit Union*, No. 19-CI-002873 (Ky. Cir. Ct. Jun. 8, 2020) (same); *Graves v. Old Hickory Credit Union*, No. 19-475-II (Tenn. Chanc. Ct. Sept. 3, 2019) (same); *Tisdale v. Wilson Bank & Trust*, No. 19-400-BC (Tenn. Bus. Ct. Mar. 18, 2020) (same); *Hill v. Ind. Members Credit Union*, No. 49D02-1804-PL-016174 (Ind. Super. Ct.

2

Jan. 21, 2020) (same); *Hawley v. ORNL Fed. Credit Union*, No. B9LA0107 (Tenn. Cir. Ct. Jun. 15, 2020) (same); *Plummer v. Centra Credit Union*, No. 03D01-1804-PL-001903 (Ind. Super. Ct. Oct. 2, 2020) (same). This skill has been recognized in courts across the country. *See also Brooks v. Canvas Credit Union*, 2019-cv-30516 (Colo. Dist. Ct. Feb. 10, 2020) (awarding attorneys' fees of one-third in bank fee litigation to Class Counsel); *Liggio v. Apple Fed. Credit Union*, No. 1:18-cv-01059-LO-MSN (E.D. Va., Dec. 6, 2019), ECF No. 39 (same); *Bodnar v. Bank of Am.*, No. 5:14-cv-03224-EGS (E.D. Pa. Aug. 4, 2016), ECF No. 90 (same).

In addition, the Class Representative has actively participated in the lawsuit, including attending a deposition during the COVID-19 pandemic, and he has communicated with counsel and assisted in prosecuting the case. Toops Decl. ¶ 14. Without the Class Representative investing the time and energy to pursue this litigation on behalf of the Class Members, there would be no recovery at all. *Id.*

This case exemplifies the public good that can be accomplished through the class action device. *Id.* ¶ 15. The Class Representative strongly believed that the Bank pocketed millions of dollars in fees that the Bank's contract did not permit, and the Class Representative and Class Counsel prosecuted this case on behalf of all Class Members, none of whom had a large enough claim to pursue individually. *Id.* In Class Counsel's experience, a settlement in this range is likely to be viewed favorably by the Class Members, who will appreciate receiving compensation from this lawsuit without having expended any resources of their own. *Id.* Through the efforts of the Class Representative and the diligent work of Class Counsel, the Bank has agreed to refund millions of dollars and forgive millions of additional dollars owed. *Id.*

Under Fed. R. Civ. P. 23(h) and the common fund doctrine, Courts recognize that Class Counsel and the Class Representative are entitled to be compensated from the Settlement for having achieved a benefit for the thousands of absent Class Members. In connection with the

Settlement, the Class Representative requests that, from the Settlement Fund, the Court approve

payments of: (1) $91,404.49 reimbursing litigation expenses that were advanced by Class

Counsel; (2) not more than $101,500 (and estimated to be only $90,635) to the Settlement

Administrator for the costs of notice and settlement administration (including postage); (3) a

$10,000 service award to the Class Representative for his efforts in the litigation and the results

achieved; and (4) $1,618,944.37 to Class Counsel as attorneys' fees, which is equivalent to 25%

of the Value of the Settlement, after deducting items (1), (2), and (3), which is required in the

Seventh Circuit.[1] Toops Decl. ¶¶ 16, 19-20. These requests are all contemplated by the

Settlement, are in line with (or lower than) payments made in cases of comparable size in this

District and Circuit, and are fair and reasonable given the work involved, the risks overcome, and

the outstanding results achieved for the Class. *Id.* ¶ 16.

## LEGAL STANDARD

I.      **Courts in the Seventh Circuit commonly award attorneys' fees of one-third of the total value of a settlement.**

"[L]awyer[s] who recover[ ] a common fund . . . [are] entitled to a reasonable attorney's

fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also*

*Sutton v. Bernard*, 504 F.3d 688, 691-92 (7th Cir. 2007). Rule 23(h) expressly authorizes the

---

[1] Under *Redman v. RadioShack Corp.*, 768 F.3d 622, 630–31 (7th Cir. 2014), "[t]he ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." The value of the settlement that will go to Class Members is lowered by the fee awarded, the costs of notice and administration, reimbursed litigation expenses, and any approved service award. *See id.* In this case, the value of the settlement ($6,678,681) minus litigation expenses to be reimbursed ($91,404.49) minus the capped costs of notice and administration ($101,500) minus the requested service award ($10,000) and minus the requested fee ($1,618,944.37) means that $4,856,833.10 will go to Class Members, if each of these payments is approved by the Court. Under *Redman*, that equates to a fee of 25%, *i.e.*, $1,618,944.37 / ($1,618,944.37 + $4,856,833.10) = 25%.

4

Court to "award reasonable attorney's fees" from a common fund in a class action case. Fed. R. Civ. P. 23(h).

"[W]hen deciding on appropriate fee levels in common-fund cases," courts in the Seventh Circuit "must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig. ("Synthroid I")*, 264 F.3d 712, 718 (7th Cir. 2001); *accord Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011) ("[T]he district court must try to assign fees that mimic a hypothetical *ex ante* bargain between the class and its attorneys."). "Although courts in this Circuit have the discretion to use either a percentage of the fund or lodestar methodology, *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566 (7th Cir. 1994), the percentage method is employed by the vast majority of courts in the Seventh Circuit (like other Circuits)." *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *7 (S.D. Ill. Dec. 16, 2018) (citation omitted); *Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 115CV02062TWPMPB, 2019 WL 4193376, at *3 (S.D. Ind. Sept. 4, 2019) (noting that while Court's have discretion, generally "[i]n a common fund class action settlement, the Seventh Circuit Court of Appeals uses a percentage of the relief obtained rather than a lodestar or other basis.").

Courts have expressed a preference for the "percentage of the recovery" method "because of its relative simplicity of administration." *Florin*, 34 F.3d at 566. The "percentage of the recovery" approach also has the advantage that it "award[s] counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at

the time." *Sutton*, 504 F.3d at 692 (quoting *Synthroid I*, 264 F.3d at 718).[2] The percentage of the benefit approach aids litigants and the courts because it directly aligns the interests of the class and its counsel in achieving the maximum recovery possible in the most efficient manner. *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998) (percentage of fund is "a method of more closely aligning the lawyer's interests with those of his client by giving him a stake in a successful outcome"). "[U]nder the percentage approach, the class members and the class counsel have the same interest—maximizing the recovery of the class" without wasting resources. Silber and Goodrich, *Common Funds and Common Problems: Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 534 (Summer 1998).

The percentage method also makes sense because "it is essentially unheard of for sophisticated lawyers to take on a case of this magnitude and type on any basis other than a contingency fee, expressed as a percentage of the relief obtained." *Hale*, 2018 WL 6606079, at*7 (quotation omitted). "Thus, where, as here, the prevailing method of compensating lawyers for similar services is the contingent fee, then the contingent fee *is* the market rate." *Id.* (internal quotations omitted) (quoting *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986) (emphasis in original)).

---

[2] In addition, "[t]he use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive." *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2010 WL 4818174, at *3 (S.D. Ill. Nov. 22, 2010) (citing *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979–980 (7th Cir. 2003) ("The client cares about the outcome alone" and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that their work produced."); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 948-49 (N.D. Ill. 2001) ("To view the matter through the lens of free market principles, [lodestar analysis] (with or without a multiplier) is truly unjustified as a matter of logical analysis."); *Gehrich v. Chase Bank USA.*, 316 F.R.D 215, 234 (N.D. Ill. March 2, 2016) ("The central consideration is what class counsel achieved for the class rather than how much effort class counsel invested in the litigation" (citation omitted)); *Silverman v. Motorola*, No. 07 C 4507, 2012 WL 1597388 *4 (N.D. Ill. 2012), *aff'd* 739 F.3d 956 (7th Cir. 2013) (declining to consider lodestar).

6

"'The normal rate of compensation in the market [is] 33.33% of the common fund recovered' because the class action market commands contingency fee agreements and the class counsel accepts a substantial risk of nonpayment." *George v. Kraft Foods Global, Inc.*, No. 1:08-cv-3799, 2012 WL 13089487, at *2 (N.D. Ill. Jun. 26, 2012). A one-third fee is common throughout district courts in the Seventh Circuit. *See, e.g.*, *Hale*, 2018 WL 6606079, at *10 ("Courts within the Seventh Circuit, and elsewhere, regularly award percentages of 33.33% or higher to counsel in class action litigation."); *Gaskill*, 160 F.3d at 362–63 (noting that typical contingency fees are between 33% and 40%) (citation omitted); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 502 (N.D. Ill. 2015) (recognizing that "courts in this circuit regularly allow attorneys to recoup one-third of the first $10 million of the class action settlement fund" and rejecting request by objecting class members to utilize the lodestar approach); *Pavlik v. FDIC*, No. 10-816, 2011 WL 5184445, at *4 (N.D. Ill. Nov. 1, 2011) (same); *In re Medical Informatics Eng'g, Inc. Customer Data Sec. Breach Litig.*, No. 3:15-MD-2667 (N.D. Ind. Jan, 30, 2020), ECF No. 192 (awarding fee amounting to one-third of the total amount paid in settlement).[3]

This District is no exception. This Court routinely awards a one-third fee in class action cases. *See, e.g.*, *Chen v. Genesco, Inc.*, No. 1:18-CV-00690-SEB-TAB, 2020 WL 360517, at *5 (S.D. Ind. Jan. 22, 2020) (Barker, J.) (approving one-third fee and noting that the request of one-

---

[3] *See also Martin v. Caterpillar, Inc.*, No. 07-1009, 2010 WL 11614985, at *3-4 (C.D. Ill. Sept. 10, 2010) (one-third fee); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 997 (N.D. Ind. 2010) (one-third fee); *Retsky Family Ltd. P'ship*, No. 97 C 7694, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) ("A customary contingency fee would range from 33 1/3% to 40% of the amount recovered."); *In re Lithotripsy Antitrust Litig.*, No. 98-8394, 2000 WL 765086, at *2 (N.D. Ill. June 12, 2000) (noting that "[m]any courts in this district have utilized [the percentage method to set fees in class actions] and 33.3% of the fund plus expenses is well within the generally accepted range of the attorneys fee awards"); *Goldsmith v. Tech. Solutions Co.*, No. 92-4374, 1995 WL 17009594, at *8 (N.D. Ill. Oct. 10, 1995) (noting that courts in the Seventh Circuit award attorneys' fees "equal to approximately one-third or more of the recovery").

7

third of the value of the settlement "is in line with terms regularly approved by federal courts in our Circuit."); *Heekin v. Anthem, Inc.*, No. 1:05-CV-01908-TWP, 2012 WL 5878032, at *3 (S.D. Ind. Nov. 20, 2012) (awarding 33.3% of the common fund of $90 million); *In re Guidant Corp. ERISA Litig.,* No. 05-cv-1009, slip op. at 2 (S.D. Ind. Sept. 10, 2010) (awarding 38% of the common fund); *Campbell v. Advantage Sales & Mktg. LLC,* No. 09–01430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (awarding one-third of recovery as attorneys' fees); *Williams v. Rohm & Haas Pension Plan*, No. 4:04-cv-0078-SEB-WGH, 2010 WL 4723725, at *1-2 (S.D. Ind. Nov. 12, 2010) (awarding one-third of recovery ($43.5 million) as attorneys' fees); *In re Ready–Mixed Concrete Antitrust Litig.*, No. 05–00979, 2010 WL 3282591, at *3 (S.D. Ind. Aug. 17, 2010).

"A court must also consider the overall benefit to the class, including non-monetary benefits, when evaluating the fee request." *Bell*, 2019 WL 4193376, at *2 (citing *Spano v. Boeing Co.*, No. 06-743, 2016 WL 3791123, at *1 (S.D. Ill. Mar. 31, 2016) (citing Manual for Complex Litigation, Fourth, § 21.71, at 337 (2004))). "An assessment of the non-monetary benefits and relief obtained as part of a settlement is important so as to encourage attorneys to obtain future meaningful relief." *Id. See also In re Mexico Money Transfer Litig. (W. Union & Valuta*), 164 F. Supp. 2d 1002, 1033 (N.D. Ill. 2000) ("Even where the relief accorded is non-monetary, an award of cash for attorneys fees is appropriate."), *aff'd sub nom. In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2001). "[A] percent-of-the-fund approach should be the method utilized in most common fund cases, *with the percentage being based on both the monetary and the non-monetary value of the settlement*." *Martin v. Caterpillar Inc.*, No. 07-CV-1009, 2010 WL 11614985, at *3 (C.D. Ill. Sept. 10, 2010) (emphasis original) (quoting *Principles of the Law of Aggregate Litigation*, A.L.I., at § 3.13(b) (May 20, 2009)). In bank fee

litigation, forgiveness of debts owed is routinely included in the value of the settlement. *See, e.g.*, Order Gr'g Final Approval, *Holt*, No. 4:19-cv-00629-FJG, ECF No. 51 (including both the cash payment and debt forgiveness in the total value of the settlement and awarding a one-third fee based on the total value); *In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*, No. 6:15MN02613 (D.S.C. Jan. 9, 2020), ECF No. 233 (for fee calculation, including in total value of $70 million settlement $43 million in cash and $27 million in debt forgiveness); *In re: Checking Account Overdraft Litig. (Commerce Bank)*, No. 1:09-MD- 02036-JLK, 2013 WL 11319243, *11-12 (S.D. Fla. Aug. 2, 2013) (for fee calculation, including in total value of $23.2 million settlement $18.3 million in cash and a change in posting practice with value of $4.9 million); *In re: Checking Account Overdraft Litig. (JP Morgan Chase Bank)*, No. 09-MD-02036-JLK (S.D. Fla. Dec. 19, 2012) ECF No. 3134 (for fee calculation, including in $162 million settlement value $110 million in cash and change in overdraft fee policy with an estimated value of $52 million over a two-year period); *Perri v. Notre Dame Fed. Credit Union*, No. 71C01-1909-PL-000332 (St. Joseph Cnty. Ind. Cir. Ct. Sept. 23, 2021) (awarding fees based on the total value of the settlement, which included both a cash fund and debt forgiveness); *Johnson v. Elements Fin. Credit Union*, No. 49D01-2001-PL-004706 (Ind. Super. Ct. Oct. 29, 2020) (same).

The award of a reasonable fee is also informed by a number of unweighted factors, including: (1) the actual agreements between the parties as well as fee agreements reached by sophisticated entities in the market for legal services; (2) the risk of non-payment at the outset of the case; (3) the caliber of Class Counsel's performance; and (4) information from other cases, including fees awarded in comparable cases. *Synthroid I*, 264 F.3d at 719. These factors are not determinative, but they assist the Court in deciding whether a departure from the standard rate is appropriate. *See id.*

## II.      Courts in the Seventh Circuit award reimbursement of reasonable costs and expenses advanced by Class Counsel.

In addition to fees, "[a]n attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved." Alba Conte, *1 Attorney Fee Awards* § 2:19 (3d ed.); *see also Sprague v. Ticonic*, 307 U.S. 161, 166–67 (1939) (recognizing a federal court's equity power to award costs from a common fund)). "Counsel in common fund cases may recover those expenses that would normally be charged to a fee-paying client." *Tussey v. ABB, Inc.*, No. 06-CV-04305-NKL, 2019 WL 3859763, at *5 (W.D. Mo. Aug. 16, 2019) (quoting *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, No. MDL 05-1708, 2008 WL 682174, at *4 (D. Minn. Mar. 7, 2008)). "Reimbursable expenses include many litigation expenses beyond those narrowly defined 'costs' recoverable from an opposing party under Rule 54(d) and includes: expert fees; travel; long-distance and conference telephone; postage; delivery services; and computerized legal research." *Id.* (collecting cases). For example, this Court has approved reimbursement of "out-of-pocket costs and expenses incidental and necessary to litigating this matter, including coverage of *pro hac vice* admission fees, postage, mediator's fees, court fees, and research costs." *Chen*, 2020 WL 360517, at *5 (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999); *Cheesman v. Nexstar Broad. Grp., Inc.*, No. 2:07CV360-RLY-WGH, 2008 WL 2225617, at *3 (S.D. Ind. May 27, 2008)); *Heekin*, 2012 WL 5878032, at *5 (awarding class counsel reimbursement of over $6 million in litigation expenses). In general, courts approve requested expense reimbursements because class counsel brings the case on a contingent basis, "so they had a strong incentive to keep costs to a reasonable level" because they may never recover them at all. *Tussey*, 2019 WL 3859763, at *5.

10

III.   **Courts in the Seventh Circuit commonly award class representative service awards of $10,000 or more.**

Apart from attorneys' fees and expenses, in recognition that "a named plaintiff is an essential ingredient of any class action," courts routinely grant the class representative a service award. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving a $25,000 service award). Class representative service awards "are common and consider the actions the plaintiff took in bringing the suit, the extent to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Chambers v. Together Credit Union*, No. 19-CV-00842-SPM, 2021 WL 1948452, at *3 (S.D. Ill. May 14, 2021) (citing *Cook*, 142 F.3d at 1016).

"In the Seventh Circuit, . . . class representative service awards of $10,000 to $25,000 or more are not uncommon." *Id.* (citing *Cook*, 142 F.3d at 1016 (affirming $25,000 service award); *Hale*, 2018 WL 6606079, at *15 ($25,000 service award); *Spano*, 2016 WL 3791123, at *4 (awarding $25,000 to two representatives and $10,000 to a third representative); *Abbott v. Lockheed Martin Corp.*, No. 06-CV-701-MJR-DGW, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015) (awarding $25,000 to six class representatives and $10,000 to additional named plaintiff); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-703-DRH-CJP, 2014 WL 375432, at* 4 (S.D. Ill. Jan. 31, 2014) (awarding $25,000 to six named representatives and $15,000 to a surviving spouse); *Will v. Gen. Dynamics Corp.*, No. CIV. 06-698-GPM, 2010 WL 4818174, at *4 (S.D. Ill. Nov. 22, 2010) ("Awards of $25,000 for each Plaintiff are well within the ranges that are typically awarded in comparable cases."); *Lively v. Dynegy, Inc.*, No. 05-CV-0063-MJR, 2008 WL 4657792, at *2 (S.D. Ill. Sept. 30, 2008) (awarding $10,000 to each of three representatives); *Morlan v. Universal Guar. Life Ins.*, No. Civ. 99-274-GPM, 2003 WL 22764868, at *2 (S.D. Ill. Nov. 20, 2003) (awarding $25,000, $20,000, $20,000 and $5,000 respectively to class

representatives); *Spicer v. Chicago Bd. Options Ex., Inc.*, 844 F. Supp. 1226, 1266-67 (N.D. Ill. 1993) (collecting cases awarding incentive fees ranging from $5,000 to $100,000; awarding $10,000 each to named plaintiffs).

This is true in this District as well. *See, e.g.*, *Burnett v. Conseco Life Ins. Co.*, No. 118CV00200JPHDML, 2021 WL 119205, at *12 (S.D. Ind. Jan. 13, 2021) (granting $25,000 service award to each of two class representatives); *Heekin*, 2012 WL 5878032, at *5 (same).

## DISCUSSION

Under these standards, the Court should grant the requested payments from the Settlement Fund of attorneys' fees, expenses, the Settlement Administrator's costs, and a service award to the Class Representative. Each of the requested amounts is reasonable, in line with (or below) amounts routinely approved in the Seventh Circuit, and well within the Court's discretion to approve.

**I.     The Court should approve Class Counsel's attorneys' fees from the Settlement Fund in the amount of 25% of the value of the settlement.**

The Court should award Class Counsel the requested 25% of the value of the settlement (after the deductions required by *Redman*), which is $1,618,944.37.[4] This amount is *less* than the 33.3% that is routinely approved by courts in the Seventh Circuit and that is routinely awarded to Class Counsel in bank fee litigation. Toops Decl. ¶¶ 13, 17. A 25% fee is well within the range of a reasonable fee. *M&N Suits Farms, Inc. v. Sprint Commc'ns Co. L.P.*, No. 1:12-CV-0498-WTL-MJD, 2012 WL 13028660, at *2 (S.D. Ind. Oct. 16, 2012) ("At 25 percent of the value of the fund as a whole, the fee-and-expense award would be well within the range of reasonable percentage-fee awards in this Circuit."). And a 25% fee is below 33.3% market rate that the Seventh Circuit advises is appropriate. *Synthroid I*, 264 F.3d at 718 (courts "must do their best to

---

[4] *See supra*, at footnote 1, for the calculation of the percentage under *Redman*.

award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.").

The relevant factors similarly support a fee of 25% (or higher). First, the actual agreement between the Class Representative and Class Counsel was a one-third contingent fee, so the requested 25% fee is *below* the contracted fee. Toops Decl. ¶ 18; *Synthroid I*, 264 F.3d at 721 (holding that fee contracts are evidence of the market rate for legal services). Second, the risk of non-payment at the outset of the case was high because Class Counsel took the case on a 100% contingent fee basis and advanced litigation expenses that ultimately totaled over $90,000. Toops Decl. ¶ 18; *Synthroid I*, 264 F.3d at 721 (holding that "[t]he market rate for legal fees depends in part on the risk of nonpayment a firm agrees to bear"). Class Counsel's performance defeated a motion to dismiss and convinced the Bank to pay millions in cash and forgive millions more in debts owed, which is an exceptional result for the Class. Toops Decl. ¶ 18; *Synthroid I*, 264 F.3d at 721 (holding that "[t]he market rate for legal fees depends in part . . . on the quality of [counsel's] performance"). Finally, information from comparable bank fee cases shows that the requested 25% fee is below the 33.3% regularly awarded by courts and that forms the market for these types of cases. Toops Decl. ¶ 13, 18; *Synthroid I*, 264 F.3d at 718 (holding that courts must attempt to award the "normal rate of compensation in the market at the time"). The Court should therefore approve the requested fee.

II.    **The Court should approve reimbursement of litigation expenses to Class Counsel and the costs of notice and administration to the Settlement Administrator.**

The Court should likewise award Class Counsel and the Settlement Administrator reimbursement of the costs and expenses they advanced and incurred in this litigation, which are reasonable. Here, Class Counsel has advanced $91,404.49 in expenses for filing fees, postage, mediation fees, expert fees, and travel and meal expenses. Toops Decl. ¶ 19. These expenses are

summarized by category in Class Counsel's Declaration. *Id.* Because under *Redman* the expenses incurred reduce Class Counsel's attorneys' fees, and because the litigation was contingent, Class Counsel was incentivized to only incur expenses necessary for the litigation. *Tussey*, 2019 WL 3859763, at *5 (when counsel advance expenses in contingent litigation "they ha[ve] a strong incentive to keep costs to a reasonable level" because they may never recover them at all.).

In addition, the Settlement Administrator has agreed to cap its costs of notice and administration (including postage) at $101,500.00. Toops Decl. ¶ 20. In Class Counsel's experience, this amount is reasonable given the size of the Class and the amount of work involved. *Id.* Because this cost, too, reduces the amount of Class Counsel's attorneys' fees under *Redman*, Class Counsel is incentivized to only permit reasonable notice and administration costs.

In sum, the requested total costs and expenses of Class Counsel and the Settlement Administrator are only 2.9% of the value of the Settlement, and therefore are reasonable. *See Tussey*, 2019 WL 3859763, at *5 (holding that expenses of even 4% of the settlement value are generally reasonable). The Court should approve payment of the requested expenses.

## III.    The Court should award the Class Representative a $10,000 service award.

Finally, the Court should approve a $10,000 service award to the Class Representative in recognition of the time and effort he spent and the result he obtained on behalf of the absent Class Members who will receive compensation without even having to submit a claim. The Class Representative has regularly consulted with Class Counsel, provided documents and information, reviewed pleadings, sat for a deposition (which most people find unpleasant and stressful), and participated in the settlement process. Toops Decl. ¶ 21. Without the Class Representative's efforts, the over $6.6 million in benefits for the Class would never have been achieved. The requested award of $10,000 is similar to, or less than, awards in similar cases. *See, e.g.*, *Chambers*, 2021 WL 1948452, at *3 ("In the Seventh Circuit, . . . class representative service

14

awards of $10,000 to $25,000 or more are not uncommon."); *supra* pages 10–11 (collecting

cases). The Court should therefore approve the requested $10,000 service award to the Class

Representative.

## CONCLUSION

For the foregoing reasons, in conjunction with final approval of the Settlement, the Court

should approve payment of the requested attorneys' fees, expenses, and service award from the

Settlement Fund and should enter the tendered Order Approving Payment of Attorneys' Fees,

Expenses, and Service Award.


Dated: September 30, 2021                    Respectfully submitted,

                                             */s/Lynn A. Toops*
                                             Lynn A. Toops
                                             Lisa M. LaFornara
                                             COHEN & MALAD, LLP
                                             One Indiana Square, Suite 1400
                                             Indianapolis, IN 46220
                                             ltoops@cohenandmalad.com
                                             llafornara@cohenandmalad.com

                                             Jeffrey D. Kaliel
                                             KALIEL GOLD PLLC
                                             1875 Connecticut Ave. NW 10th Floor
                                             Washington, D.C. 20009
                                             jkaliel@kalielgold.com

                                             John Steinkamp
                                             JOHN STEINKAMP & ASSOCIATES
                                             5214 East St., Suite D1
                                             Indianapolis, IN 46227
                                             john@johnsteinkampandassociates.com

                                             *Counsel for Plaintiff and the proposed*
                                             *Settlement Class*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on September 30, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

<u>*s/ Lynn Toops*</u>
Lynn Toops

16